**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Sergio CARILLO, Defendant—**
**Appellant.**

No. 00–50455.

D.C. No. CR–99–02978–1–MLH.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2002.*

Decided Aug. 23, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). The case was originally set for submission without argument on July 12, 2001, but submission was deferred pending the resolution of *United States v.* *Buckland,* 259 F.3d 1157 (2001), *rev'd on reh'g en banc by* 277 F.3d 1173, *opinion amended and superseded by* 289 F.3d 558 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

Before FARRIS, SILVERMAN and PAEZ, Circuit Judges.

## MEMORANDUM **

Defendant Sergio Carillo appeals his conviction for conspiracy and possession with intent to distribute between 100 and 999 kilograms of marijuana. Carillo raises two claims under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000): first, that the district court erred in failing to instruct the jury that the government was required to prove beyond a reasonable doubt that the quantity of marijuana concealed in the boat exceeded 100 kilograms, and second, that his conviction should be reversed because 21 U.S.C. § 841 is unconstitutional. Carillo also contends that there was insufficient evidence to convict him of conspiracy and possession with intent to distribute marijuana. We affirm. Because the parties are familiar with the facts, we will refer to them only as necessary to explain our disposition.

### A. *Apprendi* Claims

#### 1. Unconstitutionality of 21 U.S.C. § 841

Carillo's contention that his conviction should be reversed because 21 U.S.C. § 841 is unconstitutional is precluded by our en banc decision in *United States v. Buckland,* 289 F.3d 558, 564–67 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

#### 2. Jury Instruction

█ Carillo contends that, even if the statute is constitutional, under *United*

States v. Nordby, 225 F.3d 1053, 1059 (9th Cir.2000), *overruled in part by Buckland,* 289 F.3d at 568, his conviction should nevertheless be reversed because the district court did not instruct the jury that the government was required to prove beyond a reasonable doubt that the amount of drugs exceeded 100 kilograms, an amount that would increase the maximum sentence to which Carillo was subject under 21 U.S.C. § 841(b). Carillo is correct that this was error under *Apprendi* and our subsequent cases. *See, e.g., Buckland,* 289 F.3d at 568.

We apply plain error review, however, to *Apprendi* questions raised for the first time on appeal. *Id.* at 563. To secure reversal under this standard, Carillo must establish not only that there was error, but also that it was plain, and that it affected his substantial rights. *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). If Carillo makes this showing, we may exercise our discretion to correct the error only if we conclude that it " 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Id.* at 467 (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Here, "the *Apprendi* error ... did not affect the outcome of the proceedings, and, accordingly, did not affect [Carillo's] substantial rights." *Buckland,* 289 F.3d at 570; *see also United States v. Minore,* 292 F.3d 1109, 1123 (9th Cir.2002). Carillo did not contest the amount of marijuana found, and indeed, he stipulated that a government witness would testify that the boat contained 719 pounds of marijuana. Because that evidence was "essentially uncontroverted," the jury would have found that the boat contained 719 pounds of mar-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ijuana. *United States v. Cotton,* —— U.S. ——, ——, 122 S.Ct. 1781, 1786, 152 L.Ed.2d 860 (2002) (quoting *Johnson,* 520 U.S. at 470); *see also Minore,* 292 F.3d at 1123. Therefore, although the district court erred, reversal is not warranted under these circumstances.

## B. Conspiracy and Possession with Intent to Distribute

 Carillo contends that his conspiracy conviction should be overturned because there was insufficient evidence to prove that he knowingly joined the conspiracy. Carillo also argues that his conviction for possession with intent to distribute marijuana should be reversed because there was insufficient evidence to establish that he knew the drugs were in the boat. We reject these claims because a rational trier of fact could have found the elements of both crimes beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

With regard to the conspiracy charge, there is no question that Carrillo's co-defendants conspired to bring marijuana into the United States and distribute it. The government produced ample evidence of Carillo's connection to that conspiracy. *See United States v. Ramos–Rascon,* 8 F.3d 704, 707 (9th Cir.1993). For example, Carillo was present at the crucial transaction, the smuggling of a large quantity of marijuana into the United States. More importantly, Carillo actually aided in that transaction, helping his co-defendants load the boat carrying the drugs onto the trailer.

With regard to the knowing possession with intent to distribute charge, we agree with the government's argument that there is substantial circumstantial evidence to support Carillo's conviction. Because Carillo knowingly participated in the con-

spiracy, he can also be held liable for the object of the conspiracy based upon co-conspirator liability. *United States v. Mares,* 940 F.2d 455, 460 (9th Cir.1991). Carillo can also be found guilty of possession with intent to distribute marijuana based upon his acts in assistance of the venture. *United States v. Disla,* 805 F.2d 1340, 1352 (9th Cir.1986).

AFFIRMED.